# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) Case No. 13-CR-28-JED |
| **DONYALE STANCLE,** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

Before the Court is the government's Sealed Notice Regarding Coconspirator Hearsay Statements Pursuant to Fed. R. Evid. 801(d)(2)(E) (Doc. 1841), defendant Donyale Stancle's Brief in Regard to the *James* Hearing Held on May 5, 2016 (Doc. 1856), the government's Response (Doc. 1866), and defendant's Specific Objections to the Government's 801(d)(2)(E) Phone Calls (Doc. 1873). After having fully reviewed the parties' filings, argument at the May 5, 2016 hearing, argument at the May 12, 2016 pretrial conference, the evidence, and relevant law, the Court finds that all of the co-conspirator statements should be admitted.

**I.     Background**

Defendant is one of several remaining defendants charged in the Sixth Superseding Indictment with conspiracy to commit various violations of federal drug trafficking laws. (Doc. 638). At the April 15, 2016 motions hearing, the Court granted defendant's Motion for Pretrial *James* Hearing (Doc. 1799)[1] and ordered the government to provide the Court and defendant with a list of co-conspirator statements it sought to offer at trial. (Doc. 1822). The government

---

[1] The basis for this motion was defendant's anticipation that the government would seek to introduce the statements of alleged co-conspirators pursuant to Fed. R. Evid. 801(d)(2)(E), against defendant at trial.

subsequently filed its Sealed Notice Regarding Coconspirator Hearsay Statements Pursuant to Fed. R. Evid. 801(d)(2)(E) (Doc. 1841), which referenced a total of 128 intercepted calls, pertaining to 65 overt acts in this case, that the government seeks to introduce at trial.[2]

As noted, the *James*[3] hearing commenced on May 5, 2016. The government presented its evidence by proffer. At the conclusion of the hearing, the Court directed the parties to submit supplemental briefing as to the admissibility of co-conspirator statements pursuant to Fed. R. Evid. 801(d)(2)(E).[4] The parties complied with the Court's directive. (*See* Docs. 1856, 1866). Defendant's Brief argued that none of the calls were admissible pursuant to Fed. R. Evid. 801(d)(2)(E), because the government failed to present sufficient evidence at the hearing to show that a conspiracy existed, that defendant was a member of the alleged conspiracy, and that the proffered statements were in furtherance of the alleged conspiracy. (Doc. 1856 at 5-6, 8). In its Response, the government requested the Court to allow it to supplement its evidence at the pretrial conference by offering the testimony of Sergeant Michael Helton.[5] (Doc. 1866 at 3-4). The government also argued that the calls were admissible under Fed. R. Evid. 801(d)(2)(E) because the evidence before the Court demonstrated that a conspiracy existed, that defendant is a member of the conspiracy, and that the identified calls were all made in furtherance of the conspiracy. (*Id.* at 4-5). In addition, the government's response provided notice that it sought to introduce an additional six intercepted calls, relating to six separate over acts in the case.[6]

---

[2] The government has represented to the Court that it identified new calls as the proceedings have continued.
[3] *United States v. James*, 590 F.2d 575 (5th Cir. 1979).
[4] At the May 5 *James* hearing, defense counsel represented to the Court that his brief would include his specific objections to the 128 introduced co-conspirator statements.
[5] The government's Response indicated that it had proceeded only by proffer due to a misunderstanding with opposing counsel.
[6] At the May 12 pretrial conference, the government clarified that there were only five new calls.

At the May 12, 2016 pretrial conference, the Court informed the parties that it would continue the *James* hearing, citing Tenth Circuit guidance stating that there is no "fixed formula [governing] the *James* prophylaxis," *United States v. Roberts*, 14 F.3d 502, 514 (10th Cir. 1993). The Court heard additional argument regarding the admissibility of the 128 intercepted calls referenced in the government's initial Notice, as well as five newly identified intercepted calls. The government presented testimony from Sergeant Michael Helton of the Tulsa Police Department. Sergeant Helton was deeply involved in the "Battlefield Investigation," the results of which ultimately led to the indictment being filed in this case and the charges against defendant. Sergeant Helton testified that, as part of the investigation, he conducted surveillance and routinely stopped suspected targets. He also interviewed several co-conspirators in the alleged conspiracy and was intimately familiar with the details relating to all of the charged defendants in the case.

At the end of the pretrial conference, the Court directed the government to provide defendant with a finalized, shortened list of intercepted calls it would actually introduce at trial, and directed defendant to provide the Court with a list of specific objections to the finalized calls. The government complied and submitted a shortened list of 35 intercepted calls. (*See* Ex. 1). Defendant filed his Specific Objections to the Government's 801(d)(2)(E) Phone Calls (Doc. 1873), reiterating his argument that the government failed to establish, by a preponderance of the evidence, that a conspiracy existed, that defendant was involved in the conspiracy, and that the statements made in the intercepted calls were made in furtherance of the conspiracy. Alternatively, defendant specifically objected to the admissibility of intercepted calls #11, #20, #25, #32, and #33. (Doc. 1873 at 2).

**II.     Fed. R. Evid. 801(d)(2)(E) Standard**

Rule 801(d)(2)(E) provides that a "statement is not hearsay if . . . [t]he statement is offered against a party and is . . . a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." In order to admit evidence under this rule, the Court must determine, by a preponderance of the evidence, that: (1) a conspiracy existed; (2) the declarant and the defendant were both members of the conspiracy; and (3) the statements were made in the course of and in furtherance of the conspiracy. *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995). The government bears the burden of establishing the admissibility of out-of-court statements by co-conspirators. *Id.* In order to satisfy its burden under Fed. R. Evid. 801(d)(2)(E), the government must provide some independent evidence linking the defendant to the conspiracy. *Id.* at 1125. Independent evidence is defined as "evidence other than the proffered statements themselves." *United States v. Martinez*, 825 F.2d 1451, 1451 (10th Cir. 1987).

The Court is not bound by the rules of evidence in making the preliminary findings required to admit evidence under Rule 801(d)(2)(E). *Owens*, 70 F.3d at 1124. Thus, in assessing whether the offering party has satisfied its burden at the *James* hearing, the district court has the discretion to consider "any evidence not subject to a privilege, including both the coconspirator statements the government seeks to introduce at trial and any other hearsay evidence, whether or not that evidence would be admissible at trial." *Id.*

**III.   Analysis**

As a preliminary matter, any out-of-court statements made by defendant himself in the intercepted phone calls are admissible as prior admissions of a party. *See* Fed. R. Evid. 801(d)(2)(A) (statements made by and offered against an opposing party are not hearsay). Moreover, while several of the intercepted calls do not involve defendant, nor make any mention

4

of defendant, that fact alone is not material to the Rule 801(d)(2)(E) determination; rather, statements of a coconspirator are admissible against other coconspirators regardless of whether the coconspirator is present at the conversation or whether his name is mentioned, as there are no such requirements in Rule 801(d)(2)(E). *United States v. Farhane*, 634 F.3d 127, 161 (2d Cir. 2011) (rejecting defendant's arguments that a coconspirator's statements were not admissible against him because "he did not participate in the conversations at issue and was not mentioned in the course thereof").

The Court addresses the three factors under Rule 801(d)(2)(E) in turn below.

**A.  The existence of a conspiracy**

To establish the existence of a conspiracy, the government must show: (1) two or more persons agreed to violate the law, (2) the defendant knew the essential objectives of the conspiracy, (3) the defendant knowingly and voluntarily participated in the conspiracy, and (4) the alleged co-conspirators were interdependent. *United States v. Yehling*, 456 F.3d 1236, 1240 (10th Cir. 2006).

The government satisfied the independent evidence requirement by providing the testimony of Sergeant Helton. At the hearing, Sergeant Helton testified that based upon his involvement with the "Battlefield Investigation" and interviews with several of the alleged co-conspirators, there was a widespread conspiracy to sell cocaine in Tulsa. He further testified that the government's theory of the conspiracy, as represented in the Sixth Superseding Indictment, was correct.

First, the Court finds that the government established that the existence of an informal agreement to sell cocaine among the numerous defendants charged in the Sixth Superseding Indictment, which may be inferred from the circumstantial evidence in the intercepted calls and

5

is also confirmed by Sergeant Helton's testimony. Second, the same evidence demonstrates that defendant knew the essential objectives of the conspiracy, and third, that defendant knowingly and voluntarily participated in the conspiracy. Lastly, the interdependence between the alleged co-conspirators is clear based on the nature of the calls, and the context provided by Sergeant Helton. While the conspiracy may have been somewhat loose, this does not negate the fact that a conspiracy nonetheless existed. The Court finds that, by a preponderance of the evidence, the government has established the existence of a conspiracy.

### B. Defendant's membership in the conspiracy

Likewise, the government established by a preponderance of the evidence that defendant was a member of the conspiracy. "A defendant's participation in a conspiracy is proven by evidence tending to show that the defendant shared a common purpose or design with his alleged coconspirators." *United States v. Horn*, 946 F.2d 738, 740 (10th Cir. 1991) (citation omitted). By contrast, a defendant's mere association with persons known to be involved in criminal activity is insufficient to establish participation in a criminal conspiracy. *Id.* at 741.

Here, the evidence established that defendant had far more than "mere association" with the alleged conspirators. Specifically, Sergeant Helton testified that he had firsthand knowledge from co-conspirators that showed defendant's primary role in the conspiracy was to act as the "information hub." Sergeant Helton further testified that, based upon his conversations with alleged coconspirators, that defendant participated in the conspiracy by selling crack cocaine. In addition to the independent evidence provided by Sergeant Helton's testimony, the intercepted calls themselves also demonstrate that defendant was in regular communication with the many significant players in the conspiracy, including Donald Walters, Carl Cooper, Marvin Smith,

Demarcus Johnson, Jamar Stewart, Hiram Stancle, and John Washington. Moreover, the participants in the calls were all named defendants in the case.[7]

At the hearing, counsel for defendant sought to establish that defendant was not a member of the conspiracy based on the fact that defendant's alleged source for the cocaine—Ben Taylor—was different from the sources of the other alleged coconspirators, and because Ben Taylor was not an individual named in the Sixth Superseding Indictment, this demonstrated that defendant was not associated with this particular conspiracy. However, the Court is unpersuaded by this argument in light of Sergeant Helton's testimony that it was customary for the members of the conspiracy to obtain drugs from different sources. Counsel for defendant further argued that defendant was not a member of the conspiracy because he was unacquainted with the alleged main drug dealer, Heron Ramirez. The Tenth Circuit has rejected this precise argument: ""It is not necessary that each member of the conspiracy know all of the details or be acquainted with all of the parties to the illegal scheme, as long as he is aware of its general scope." *United States v. Behrens*, 689 F.2d 154, 160 (10th Cir. 1982) (quoting *United States v. Johnson*, 645 F.2d 865, 868 n.2 (10th Cir. 1981)).

### C. During the course and in furtherance of the conspiracy

Under the third requirement for Rule 801(d)(2)(E) admissibility, the coconspirator statement must be made (1) "during the course" of the conspiracy, and (2) "in furtherance of the conspiracy." "A coconspirator statement is made 'during the course' of the conspiracy if it is

---

[7] The Court is aware that one of the intercepted calls is a conversation between defendant and an unidentified individual. However, the relevant inquiry is whether the declarant was a co-conspirator, not whether the recipient of the statements were also co-conspirators. *United States v. Williamson*, 53 F.3d 1500, 1519 (10th Cir. 1995) ("Stated alternatively, in deciding whether statements are admissible under Rule 801(d)(2)(E), the appropriate focus is on whether the statements were 'made by' a member of the conspiracy, and not on whether the statements were 'made to' a member of the conspiracy.").

made before the objectives of the conspiracy have either failed or been achieved." *Owens*, 70 F.3d at 1126 (quoting *United States v. Perez*, 989 F.2d 1574, 1579 (10th Cir. 1993) (en banc)). A statement is "in furtherance of the conspiracy" if it is "intended to promote the conspiratorial objectives." *United States v. Reyes,* 798 F.2d 380, 384 (10th Cir. 1986).

"When inquiring whether a statement was made in furtherance of a conspiracy, the court does not focus on its actual effect in advancing the goals of the conspiracy, but on the declarant's intent in making the statement." *United States v. Roberts*, 14 F.3d 502, 515 (10th Cir. 1993) (citation omitted). The Tenth Circuit has recognized that "no talismanic formula exists for ascertaining whether a particular statement was intended by the declarant to further the conspiracy . . . [t]o the contrary, this determination must be made by examining the context in which the challenged statement was made." *Perez*, 989 F.2d at 1578-79. Moreover, there is no requirement that "the statements must *actually* further the conspiracy to be admissible'. Rule 801(d)(2)(E) explicitly says statements need be 'in furtherance of the conspiracy' not that they 'further the conspiracy.' It is enough that they be intended to promote the conspiratorial objectives." *United States v. Mayes*, 917 F.2d 457, 464 (10th Cir. 1990) (quoting *Reyes*, 798 F.2d at 384).

It is well-established that "mere narratives between coconspirators or narrative declarations of past events are not in furtherance of a conspiracy." *Roberts*, 14 F.3d at 514-15. On the other hand, examples of statements that have been found to be "in furtherance of the conspiracy" include: statements identifying other members of the conspiracy, statements describing their roles in the conspiracy, statements discussing the particular roles of other coconspirators, statements made to induce enlistment or further participation in the group's activities, statements made to prompt further action on the part of the conspirators, statements

made to reassure members of a conspiracy's continued existence, statements designed to allay the fears and suspicions of another coconspirator, and statements made to keep coconspirators abreast of an ongoing conspiracy's activities. *Owens*, 70 F.3d at 1125 (10th Cir. 1995); *United States v. Williamson*, 53 F.3d at 1520; *Roberts*, 14 F.3d at 515; *Perez*, 989 F.2d at 1578.

All of the intercepted calls were made during the course of the conspiracy as alleged in the indictment—from April 2011 through October 15, 2014, the date of the Sixth Superseding Indictment. Thus, the government has met the "during the course of the conspiracy" prong.

The Court also finds that that the evidence demonstrates that the intercepted calls were made in furtherance of the conspiracy. The government provided a chart of the calls, identified by overt act as listed in the Sixth Superseding Indictment, which detailed the subject and the specific purposes of each offered call. In addition to Sergeant Helton's testimony that some of the conversations discussed, in coded terms, drug transactions and distribution, the calls also discussed subjects such as law enforcement surveillance, traffic stops and arrests of co-conspirators, speculation regarding whether co-conspirators were "snitching," the indictment, and grand jury investigation. The government's asserted purposes for the calls, which Sergeant Helton testified were proper interpretations of the calls, are purposes that the Tenth Circuit has held to satisfy the "in furtherance of the conspiracy" requirement: statements to inform co-conspirators or keep them abreast of the conspiracy's status, statements promoting or facilitating the conspiracy, statements prompting further action related to the conspiracy, and statements to reassure or allay the fears of co-conspirators.

At the hearing, Sergeant Helton provided his opinion as to the meaning of phrases used during the conversations and also provided the Court with context for the calls. It is clear that the calls related to drug distribution were in furtherance of the conspiracy. Sergeant Helton

explained how the alleged co-conspirators' conversations about surveillance, traffic stops, and snitching were not "mere narratives," but reflected the coconspirators' concerns about the actions of other coconspirators' as they related to the conspiracy's survival, which effectively served to further and promote the conspiratorial objectives.  Accordingly, the Court determines that, based upon a preponderance of the evidence, the intercepted calls were made during the course of and in furtherance of the conspiracy.

**IV.**     **Conclusion**

For the reasons set forth above, the Court determines that all the intercepted calls are admissible against defendant under Fed. R. Evid. 801(d)(2)(E).

**SO ORDERED** this 16th day of May, 2016.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE